IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAHAIRA BUNN,

    Plaintiff,

vs.                                             CASE NO.:

TARGET CORPORATION,
a foreign profit corporation

    Defendant.

_____/

## **DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**

Defendant Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, in and for Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1. Plaintiff, Jahaira Bunn ("Plaintiff" or "Ms. Bunn"), has filed a civil action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 16-2022-CA-002492, in which she alleges that on February 26, 2020, she was a business invitee on Defendant's premises located at 444 Monument Road, Jacksonville, Duval County, Florida, at which time she allegedly slipped and fell and on a foreign substance on the floor of Defendant's premises (Complaint ¶¶ 5-7).

1

Plaintiff alleges that she sustained injury as a result from this incident (Complaint ¶ 7). True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as EXHIBIT "A."

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3. Plaintiff's Complaint alleges that Plaintiff was and is a resident of Duval County, Florida at all material times hereto (Complaint ¶ 2). Additionally, Defendant has attached a Westlaw report conducted on the Plaintiff that shows that her current home address is in Jacksonville, Duval County, Florida. (EXHIBIT "B"). Plaintiff holds an active Cosmetologist license/certification with the Florida Department of Business & Professional Regulation. (Id.).

4. Defendant contends the foregoing sufficiently shows that the State of Florida is Plaintiff's domicile, which is her "true, fixed and permanent home and principal establishment . . . to which [she has] the intention of returning whenever [she is] absent therefrom." See McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

5. Defendant, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

6. The Complaint alleges an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs (Complaint ¶ 1). Plaintiff's Complaint alleges she suffered "severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills and/or other bills as a result of said injuries" (Id. ¶ 12). Plaintiff also claims that her injuries are either "permanent or continuing in their nature" and the Plaintiff "will suffer the losses and impairment in the future" (Id.).

7. As evidenced by Plaintiff's Complaint, paragraph one, the Plaintiff is alleging the amount in controversy "exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs." Therefore, the amount in controversy in this case exceeds the $75,000.00 threshold, as clearly evidenced by Plaintiff's Complaint.

8. Additionally, prior to the lawsuit being filed, Plaintiff provided a demand to Defendant on September 22, 2021, attached hereto as EXHIBIT "C." In the demand, Plaintiff requested $500,000.00 to resolve her claims against Defendant (Id.). Plaintiff claimed that she suffered serious left knee injury in which she

3

underwent months of physical therapy, steroid injection and 5 Synvisc injections among other injuries from this incident. (Id.).

9. In the demand letter, Plaintiff listed known medical expenses as a result of the alleged incident, at the time of the demand letter on September 22, 2021, to total: $42,773.83.

10. Plaintiff is seeking damages losses and impairment in the future, which would further increase the Plaintiff's alleged damages (Complaint ¶ 12).

13. Based on the foregoing, including that Plaintiff admits this cause of action exceeds the amount in controversy of $75,000.00 in paragraph one of the Complaint, as well as Plaintiff's $500,000.00 demand (EXHIBIT C), the claimed damages and amount in controversy in this case are well above the $75,000.00 jurisdictional requirement.

14. Defendant has filed this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint on June 2, 2022.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

16. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action. Thus,

Facsimile: 305-670-7555
*Attorneys for Plaintiff*

SAALFIELD SHAD, P.A.

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**ANGELICA L. INCLAN, ESQUIRE**
Florida Bar Number: 1019370
Email (Primary) ainclan@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

17. The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

18. Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

**WHEREFORE**, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the U.S. Federal Courts e-Portal document filing system and furnished to the following named addressees via email on this 30th day of June, 2022:

**Michele Waddell, Esquire**
Rubenstein Law, P.A.
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Email: mwaddell@rubensteinlaw.com
zrodriguez@rubensteinlaw.com
eservice@rubensteinlaw.com
Telephone: 305-661-6000

5